IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN MARQUIS HENDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-803-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Bryan Marquis Henderson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

Petitioner is serving a forty-five-year sentence on his 1989 conviction in the Criminal District Court Number One of Tarrant County, Texas, No. 0346082A, for aggravated robbery causing serious bodily injury. Admin. R., Transcript 95, ECF No. 13-1. The Second District Court of Appeals of Texas affirmed the trial's court judgment on July 13, 1990, and overruled Petitioner's motion for rehearing on August 14, 1990. Admin. R., Op., ECF No. 13-6 & Docket Sheet, ECF NO. 12-3. Petitioner did not file a petition for discretionary review. Pet. 3, ECF No. 1. On August 12, 2011, nearly twenty-one years later, Petitioner filed a state habeas application challenging his conviction,

which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[1] Admin. R., Appl. for 11.07 Writ of Habeas Corpus cover, 2, ECF No. 15-6. This federal petition for postconviction habeas relief was filed on October 3, 2013.[2]

Petitioner raises four grounds for relief, which are construed as follows: (1) he was denied *Brady* material–information that the first responders were "fire dept & E.M.T." and not Medstar ambulance; (2) the judge engaged in judicial misconduct by withholding information that Detective David Sears told the media that the victim was beaten, stabbed and then duct-taped across his face and hands; (3) he received ineffective assistance of counsel; and (4) the judge engaged in judicial misconduct by ordering him to submit handwriting samples and finding him in contempt and threatening stacked sentences when he requested his attorney. Pet. 6-7, ECF No. 1.

In his preliminary response, Respondent contends the petition is untimely under the federal statute of limitations. Resp't's Preliminary Resp. 4-6, ECF No. 11. Petitioner did not file a reply.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

---

[1] A petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not however state the date he placed the document in the prison mailing system; thus, the "mailbox rule" is not applied.

[2] Similarly, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition does not however state the date he placed the document in the prison mailing system; thus, the "mailbox rule" is not applied.

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Petitioner's grounds involve matters relevant to his trial, thus he should have known of the basis of his claims at or near the time of trial. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on September 13, 1990, and closed

3

one year later on September 13, 1991. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Under these circumstances, Petitioner had one year from the AEDPA's effective date to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Thus, his federal petition was due on or before April 24, 1997, absent any applicable tolling.

Petitioner's state habeas application, filed on August 12, 2011, well after the limitations period expired, did not operate to toll limitations under the statute. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. Accordingly, Petitioner's petition filed on October 3, 2013, is untimely.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd** day of **September, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE